UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ANDREE AZZAM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:10cv-362-R |
| | ) |
| BAPTIST HEALTHCARE | ) |
| AFFILIATES, INC. | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Andree Azzam (hereinafter "Azzam"), by counsel, against Defendant, Baptist Healthcare Affiliates, Inc. (hereinafter "Defendant"), pursuant to the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 et. seq., the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 et seq. and Kentucky Revised Statute ('KRS") 344.010 et. seq

### II. PARTIES

2. At all times relevant to this action, Azzam resided in Oldham County in the Commonwealth of Kentucky and within the Western District of Kentucky.

3. Defendant is a business which at all relevant times maintained an office and conducted business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; 29 U.S.C. § 626; and 42 U.S.C. § 12117.

5. Plaintiff's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b), 42 U.S.C. § 12111(5)(A) and KRS 344.030(2).

7. Azzam is an "employee" within the meaning of 29 U.S.C. § 630(f), 42 U.S.C. § 12111(4) and KRS344.030(5).

8. Azzam has a "disability" and/or Defendant regarded her as having a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

9. Azzam is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) and KRS 344.040(1).

10. Azzam satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her age and disability. Azzam received the appropriate Notice of Suit Rights and brings this original action within ninety (90) days of her receipt thereof.

11. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12. Azzam was born in 1944.

13. Azzam was hired by Defendant on or about September 21, 1992 as a Registered Nurse (RN). Most recently, Azzam served in Defendant's Operating Room and reported to Barabara Ritchie.

14. At all times relevant, Azzam met or exceeded Defendant's legitimate performance expectations.

15. As a result of a stroke that she suffered on or about May 6, 2008, Azzam became physically impaired in a manner that significantly restricted her ability to perform one or more major life activities. Consequently, Azzam took a medical leave of absence and returned to work on July 25, 2008.

16. Azzam was released to return to work by her physician with certain restrictions. Specifically, her physician requested that Azzam be allowed an early afternoon nap for 30 to 60 minutes, that she perform light duty work (i.e. paperwork only, no patient care) for no more than 6 hours per day and no more than 40 hours per week. Azzam returned to work under these restrictions and worked without issue until September 3, 2008.

17. On or about September 3, 2008, Azzam's physician lifted most of her restrictions with the exception that Azzam continue to work five hour days, five days per week. In November 2008, her physician re-evaluated her and reiterated this limitation should remain on her employment for a period of four months when she would be re-evaluated.

18. On or about November 6, 2008, Azzam expressed interest to Ritchie in an available Pre-Admission Testing (PAT) position. Azzam was qualified for this position and it would allow her to work in a position that did not require her to take "on-call" duties. Ritchie acknowledged, at the time, that the position was ideal for Azzam. Azzam met with Amy Highfield, a nurse who worked in PAT to learn more about the position.

19. After learning more about the position and confirming her interest in transferring to the available position, on the following day, Azzam reiterated to Ritchie her interest in the PAT position. Ritchie, however, refused to allow the transfer.

20. The available PAT position was instead given to a significantly younger and non-disabled individual, Tracy Stark.

21. On or about January 6, 2009, Defendant informed Azzam that her employment would be terminated because she could no longer take "on-call" due to her disability.

22. Azzam requested that she be able to continue in her position with an accommodation, but Defendant refused. She also inquired about the PAT position, which had been vacated by Stark; however, Ritchie refused to allow Azzam to transfer into the available position.

23. Instead, Defendant placed another significantly younger, non-disabled individual in the PAT position.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

24. Azzam hereby incorporates paragraphs one (1) through twenty-three (23) of her complaint as if the same were set forth at length herein.

25. Defendant failed to accommodate Azzam's known disability for which a reasonable accommodation existed.

26. Defendant subjected Azzam to disparate treatment on the basis of her disability or its perception of her disability.

27. Defendant's intentional and willful actions were taken in reckless disregard for Azzam's rights as protected by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.S. § 12112(b)(4) and KRS 344.110, et. seq.

28. Azzam has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: AGE DISCRIMINATION

29. Azzam hereby incorporates paragraphs one (1) through twenty-eight (28) of her complaint as if the same were set forth at length herein.

30. Defendant discriminated against Azzam on the basis of her age.

31. Defendant has willfully and intentionally discriminated against Azzam on the basis of her age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C.S. § 621 et. seq. And KRS 344.110, et. seq.

32. Azzam has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Andree Azzam, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Azzam to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Azzam of front pay in lieu thereof;

2. Payment to Azzam of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

3. Payment to Azzam of compensatory damages for Defendant's violations of the ADA and KRS 344.010, et. seq.;

4. Payment to Azzam of liquidated damages for Defendant's intentional and/or willful violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq.;

5. Payment to Azzam of punitive damages for Defendant's violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.S. § 12112(b)(4);

6. Payment to Azzam of pre- and post-judgment interest;

7. Payment to Azzam of all costs and attorney fees incurred in litigating this action; and

8. Provide to Azzam any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III
Kentucky Attorney No. 91190
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:         ad@bdlegal.com
*Attorneys for Plaintiff, Andree Azzam*

## DEMAND FOR JURY TRIAL

Plaintiff, Andree Azzam, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III
Kentucky Attorney No. 91190
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:         ad@bdlegal.com
*Attorneys for Plaintiff, Andree Azzam*